CR9-097 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-89-097-CR





TROY DEAN BOULTINGHOUSE,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT


NO. 4701, HONORABLE CLAYTON EVANS, JUDGE



 




PER CURIAM


 In 1986, a jury convicted appellant of the offense of delivery of 83 milligrams of
methamphetamine and assessed punishment at fifteen years in the Department of Corrections (now
the Institutional Division of the Department of Criminal Justice). Texas Controlled Substances
Act, 1983 Tex. Gen. Laws, ch. 425, § 6, at 2373 [Tex. Rev. Civ. Stat. art. 4476-15, § 4.03,
since repealed and codified at Tex. Health & Safety Code § 481.112 (Pamph. 1991)]. This court
reversed the judgment of conviction and remanded the cause for a new trial on punishment
because the jury had been given the parole instruction held unconstitutional in Rose v. State, 752
S.W.2d 529 (Tex. Cr. App. 1987). Boultinghouse v. State, No. 3-86-309-CR, Tex. App.--Austin, February 3, 1988 (not published). The second jury also assessed a fifteen-year sentence.

 Appellant brings seven points of error, complaining that: the jury received
evidence from sources outside the trial, specifically, newspaper articles (point one); the court
denied appellant's right to confrontation by allowing the transcription of witnesses' testimony from
his first trial to be introduced into evidence without a showing of their unavailability (points two
and three); the court allowed evidence of extraneous offenses (points four and five); the court
allowed improper jury argument (points six and seven). Because we will reverse based on points
two and three, we need not discuss the other points of error.

 At trial, the judge instructed the jury that the testimony from the guilt-innocence
stage of the first trial would be read from the statement of facts, with the county attorney filling
the part of the witnesses. Defense counsel objected that this procedure denied his client the right
to confrontation. Further, this jury, deprived of the opportunity to see these witnesses' demeanor,
could not properly assess their credibility. Defense counsel also pointed out that no showing of
unavailability had been made with regard to any witness. The judge overruled the objections. 
After the statement of facts was read, witnesses were called to testify about appellant's reputation.

 In points of error two and three, appellant argues that the court erred in allowing
the testimony of the witnesses at his first trial to be read to the jury rather than presented in
person, with no showing of unavailability of the witnesses. He argues that this procedure violated
his confrontation rights under the Texas and United States constitutions.

 In 1987, a procedure for awarding new trials as to punishment only was created. 
1987 Tex. Gen. Laws, ch. 179, § 1, at 1388 [Tex. Code Cr. P. Ann. art. 44.29(b)(Supp. 1991)]. 
Under this article, if a court of appeals awards a new trial based on errors that occurred only in
the punishment phase of trial, the trial court begins the new trial as if a finding of guilt had been
returned and proceeds to the punishment stage of the trial under Tex. Code Cr. P. art. 37.07, §
2(b), with a jury if the defendant so elects. The statute permits, but does not require, both the
State and the defendant to introduce evidence to show the circumstances of the offense. In
addition, other evidence may be adduced as permitted by Tex. Code Cr. P. art. 37.07, § 3. 
Article 37.07, § 3 permits the introduction of a defendant's prior criminal record and other
evidence "as permitted by the Rules of Evidence" on any matter the court deems relevant to
sentencing. Tex. Code Cr. P. Ann. art. 37.07, § 3 (Supp. 1991). There is nothing in art.
44.29(b) to suggest the that the ordinary rules of evidence are not applicable. 

 When a hearsay declarant is not present for cross-examination at trial, the
confrontation clause normally requires a showing that he is unavailable. Ohio v. Roberts, 448
U.S. 56, 66 (1980). Testimony given at a prior trial is hearsay. To be admissible, the witness
must be unavailable and the party against whom the testimony is now offered must have had an
opportunity and similar motive to develop the testimony by direct, cross, or redirect examination
at the earlier trial. Tex. R. Cr. Evid. Ann. 804(b)(1) (Supp. 1991). The general categories of
unavailability are: a claim of privilege; refusal to testify; lack of memory; death or illness; and
unavoidable absence of the witness. Id. at 804(a). 

 Inasmuch as the former testimony was taken at the guilt-innocence stage of
appellant's first trial, he had both the opportunity and the motivation to do a full cross-examination. However, there was no showing that the witnesses were unavailable to testify at the
new trial as required by Rule 804(b)(1). Under the circumstances, the district court erred by
permitting the State to utilize the former testimony over appellant's timely objection.

 Although the former testimony erroneously introduced related to appellant's guilt,
a matter that was not in issue, we cannot say that the error was harmless. Tex. R. App. P. Ann.
81(b) (Pamph. 1991). The jury may consider the circumstances of the offense in assessing
punishment, and the State obviously considered this evidence to be of sufficient importance to
merit its reintroduction at the new trial, even though it was not required. Because of the
procedure employed, the jury was deprived of the opportunity to evaluate the credibility of the
witnesses by observing their demeanor, an important component of the right to confrontation. 
Although the second jury assessed the same punishment as the first, it must be remembered that
the first jury had been given the unconstitutional parole instruction. Appellant sold a small
quantity of methamphetamine to an undercover officer for $50.00. Appellant has no previous
felony convictions, and the jury was given the opportunity to recommend felony probation. 
Although imprisonment for fifteen years is at the low end of the statutory punishment range, it
is not an insubstantial punishment when considered in light of the small quantity of the drug
involved and appellant's eligibility for probation. We cannot say that an error that deprived the
jury of its ability to judge the demeanor of so many witnesses was harmless.

 The judgment is reversed and the cause is remanded for a new trial as to
punishment.



[Before Justices Powers, Aboussie and Kidd]

Reversed and Remanded

Filed: August 30, 1991

[Do Not Publish]